Moss, Judge,
delivered the opinion of the court:
This action is for the recovery of $5,021.51,-■ which was paid to plaintiff railroad company for services in the operation of a special workmen’s train to and from Picatinny Arsenal in the State of New Jersey, and which was thereafter deducted from a claim due plaintiff for other transportation services performed for the Government.
In November, 1918, under an agreement with the United States Housing Corporation, the Delaware, Lackawanna & Western Railroad began the operation of a special workmen’s train between Morristown, a station on the Lacka-wanna, and Lake Denmark, a station on plaintiff’s line, for the transportation of workmen employed at the Picatinny Arsenal and the United States naval ammunition depot, which point was on the line of plaintiff’s, the Wharton & Northern, railroad. This train was operated under said agreement which guaranteed a daily minimum earning of $150 per day to the Lackawanna, and $40 per day to the Wharton & Northern. In Januarjr, 1919, the Housing Corporation announced that the guaranty of the minimum daily compensation would continue only for that month. The operation of said train was, however, continued through the months of February and March, by an agreement between the two railroads, under and by which plaintiff company guaranteed to the Lackawanna a minimum daily earning of $143 per day. While these activities were in progress the commandant of the arsenal was negotiating with the proper governmental authorities for a continuation of the special train service. The final result of said negotiations was an agreement between plaintiff company and the commandant of the arsenal for the continuation of said train. Although the train was to be run as theretofore, partly over the Lackawanna and partly over plaintiff’s line, the agree *219 ment was wholly between the Wharton & Northern Railroad and the Government, the latter company guaranteeing to the Lackawanna its proportion of the minimum guaranteed earnings to the extent of $143 per day. Under this arrangement plaintiff company thereafter paid to the Lackawanna sums aggregating $5,021.51, which is the difference between the guaranty of $143 per day and the actual earnings of the Lackawanna, and said sums were paid to plaintiff by the Government. Four years later said amount was deducted from a claim due plaintiff for other transportation services performed for the Government. It will be observed that while the dates of the communications which constitute said agreement are subsequent to April 1, 1919, the agreement to which they relate, and under which the special train was then being operated, became effective on that date, April 1. 1919. The train was discontinued, effective June 30, 1919,
It is the contention of the Government that the commandant of the arsenal was without authority to make the contract for. the operation of the special train. This contention can not be sustained. During the period of the services in question there was in effect a general order, No. 7, of the Ordnance Department, which provided: “ Commanding officers of arsenals and other ordnance stations and such officers as may be detailed for that duty are hereby authorized to contract on behalf of the United States for and to make the necessary purchases of ordnance, ordnance stores, and supplies, and the procurement of services, under the direction of the Chief of Ordnance.” This was a contract for the procurement of services, and the commandant of the arsenal was properly authorized and directed by the Acting Chief of Ordnance to make said agreement. See Finding VIII. It is further urged by defendant that, even if that officer had authority to make the contract, it was invalid, for the reason that the Government derived no benefit from its performance. The urgent necessity for the continuation of the special workmen’s train is disclosed in the correspondence set out in the findings of fact. It was the opinion of the Chief of Ordnance, of the commandant of the arsenal, and of the regional director of the Railroad Administration, that the *220 service furnished was valuable and necessary. It was, in fact, essential to the very maintenance of the activities of the arsenal. An allotment of $4,000 was made by the Ordnance Department from the appropriation “ Ordnance service, 1919,” which was used to cover the necessary expenses of operating said train. Defendant’s contention on this point is likewise untenable. Plaintiff is entitled to recover, and it is so adjudged and ordered.
SiNNOtt, Judge; GreeN, Judge; and Booth, OMef Justice, concur.
Graham, Judge, took no part in the decision of this case.